FILED

2019 NOV 13 PM 4: 45

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.

DAVID JOHN RIDLING

CASE NO. 6:19-cr-243-Orl-40EJK
18 U.S.C. § 1343
18 U.S.C. § 1344
18 U.S.C. § 1957
18 U.S.C. § 1028A(a)(1)

## INDICTMENT

**SEALED**

The Grand Jury charges:

### COUNTS ONE THROUGH TEN
(Wire Fraud)

#### A. Introduction

At times material to this Indictment:

1. DAVID JOHN RIDLING operated and controlled Blue Cypress Grain, LLC (referred to herein as "Blue Cypress"), and he maintained and controlled accounts at financial institutions, including PNC Bank, N.A. (PNC Bank) and Charles Schwab & Co., Inc. (Schwab).

2. Schwab offered investment services and products, including Schwab brokerage accounts. DAVID JOHN RIDLING opened and controlled an account at Schwab, account number ****-1145, which never had a balance of more than $2,000.

3. Heritage Bank was a financial institution as defined by 18 U.S.C. § 20, the accounts and deposits of which were federally insured by the Federal Deposit Insurance Corporation (FDIC).

4. Howard Fertilizer & Chemical Co. (Howard Fertilizer) was a fertilizer and chemical distribution company. Its corporate headquarters were located in Orange County, in the Middle District of Florida. Howard Fertilizer sold fertilizers for agriculture and other purposes, and it allowed some customers to purchase goods on credit.

5. Seaside National Bank & Trust (Seaside Bank) was a financial institution as defined by 18 U.S.C. § 20, the accounts and deposits of which were federally insured by the FDIC. Seaside Bank was headquartered in Orange County, in the Middle District of Florida, with branches located in Florida, including in Collier County, in the Middle District of Florida.

6. Rabo Agrifinance LLC (Rabo Agrifinance) offered lending and insurance products for agricultural producers and agribusinesses. Rabo Agrifinance was headquartered in Missouri, and it was a financial services provider for agricultural producers and agribusinesses in the United States.

7. AgAmerica Lending LLC (AgAmerica) and LSBH, LLC (now known as AG TRS ONE, LLC) were each a financial institution as defined by 18 U.S.C. § 20 and a mortgage lending business as defined by 18 U.S.C. § 27.

2

AgAmerica and LSBH, LLC were headquartered in Polk County, in the Middle District of Florida. AgAmerica was a managing member of LSBH, LLC.

8. Farm Credit of Florida was a system organization of the Farm Credit System and a financial institution as defined by 18 U.S.C. § 20.

9. Seacoast Bank was a financial institution as defined by 18 U.S.C. § 20, the accounts and deposits of which were federally insured by the FDIC.

10. BOKF, NA, CenterState Bank, N.A. (CenterState Bank), JP Morgan Chase, PNC Bank, and Renasant Bank were financial institutions as defined by 18 U.S.C. § 20, the accounts and deposits of which were federally insured by the FDIC.

### B. The Scheme

11. Beginning at an unknown date, but at least by in or about November 2016, and continuing through and including in or about October 2019, in the Middle District of Florida, and elsewhere, the defendant,

**DAVID JOHN RIDLING,**

did knowingly and with intent to defraud, devise and intend to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, and attempt so to do.

3

## C. Manner and Means

12. The manner and means utilized to accomplish the scheme and artifice to defraud included, among others, the following:

   a. It was part of the scheme and artifice to defraud that DAVID JOHN RIDLING would and did unlawfully devise and execute, and attempt to devise and execute, a scheme to defraud Heritage Bank, Howard Fertilizer, Seaside Bank, Rabo Agrifinance, AgAmerica, Farm Credit of Florida, and Seacoast Bank out of over $50 million in money and property by means of materially false and fraudulent pretenses, representations and promises.

   b. It was a further part of the scheme and artifice to defraud that DAVID JOHN RIDLING would and did obtain loans and lines of credit, and attempt to obtain loans and lines of credit, from Heritage Bank, Howard Fertilizer, Seaside Bank, Rabo Agrifinance, AgAmerica, Farm Credit of Florida, and Seacoast Bank based upon false representations about his assets.

   c. It was a further part of the scheme and artifice to defraud that DAVID JOHN RIDLING would and did provide Heritage Bank, Seaside Bank, Rabo Agrifinance, AgAmerica, and Seacoast Bank with copies of statements from an account at Schwab, account number ****-1145 (referred to herein as the "Schwab Account"), that represented that the account belonged

4

to the defendant and had a value of over $8 million, when, in truth and in fact, as the defendant then and there well knew, that account had less than $2,000.

   d. It was a further part of the scheme and artifice to defraud that DAVID JOHN RIDLING would and did provide lenders and potential lenders with copies of false monthly account statements for a Schwab account that the defendant sometimes represented was a joint account with his mother that was valued at over $40 million (referred to herein as the "Second Schwab Account"), when, in truth and in fact, as the defendant then and there well knew, that account did not exist and did not have over $40 million.

   e. It was a further part of the scheme and artifice to defraud that DAVID JOHN RIDLING would and did pledge, transfer, assign and grant, and offer to pledge transfer, assign and grant, a security interest in the Schwab Account and the Second Schwab Account to induce lenders and potential lenders to make loans and to extend lines of credit to DAVID JOHN RIDLING and Blue Cypress.

   f. It was a further part of the scheme and artifice to defraud that DAVID JOHN RIDLING would and did provide, and caused to be provided, to lenders and potential lenders other documents that contained false information about his assets and income, including false tax returns for DAVID

JOHN RIDLING and Blue Cypress for the tax years 2015, 2016, and 2017, and false financial statements.

  g. It was a further part of the scheme and artifice to defraud that, after he had obtained loans and lines of credit, DAVID JOHN RIDLING would and did provide, and caused to be provided, false monthly account statements for the Schwab Account and the Second Schwab Account that falsely represented that those accounts had millions of dollars, when, in truth and in fact, as the defendant then and there well knew, those accounts did not have millions of dollars.

  h. It was a further part of the scheme and artifice to defraud that DAVID JOHN RIDLING would and did provide, and caused to be provided, to lenders and potential lenders financial statements that falsely represented that he and his wife had a net worth of over $20 million, including millions of dollars in marketable securities held at Schwab.

  i. It was a further part of the scheme and artifice to defraud that DAVID JOHN RIDLING would and did falsely claim that individuals H.H., V.S., or A.S. were his account representatives at Schwab.

  j. It was a further part of the scheme and artifice to defraud that DAVID JOHN RIDLING would and did use email accounts for V.S. and A.S. to pretend to be V.S. and A.S. in an effort to convince Heritage Bank,

6

Howard Fertilizer, Seaside Bank, AgAmerica, and Seacoast Bank that he had millions of dollars in his Schwab accounts and that he was willing to pledge those Schwab accounts as collateral to obtain funds from some of those lenders and potential lenders.

k.   It was a further part of the scheme and artifice to defraud that DAVID JOHN RIDLING would and did use proceeds obtained from victims of his scheme and artifice to pay amounts that he owed to other victims to prolong the scheme to defraud.

l.   It was a further part of the scheme and artifice to defraud that, in any effort to lull his victims into believing that he had the assets and funds to pay what he owed, DAVID JOHN RIDLING would and did falsely represent that he had accounts at Schwab and Merrill Edge with millions of dollars that he would use to pay his debts.

m.   It was a further part of the scheme and artifice to defraud that DAVID JOHN RIDLING would and did perform acts and make statements to hide and conceal, and cause to be hidden and concealed, the purpose of the scheme and the acts committed in furtherance thereof.

### D. Interstate Wire Transmissions

13.   On or about the dates set forth below, in the Middle District of Florida, and elsewhere, the defendant,

DAVID JOHN RIDLING,

for the purpose of executing the aforesaid scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises, did knowingly, and with intent to defraud, transmit and cause to be transmitted by means of wire communication in interstate commerce, the following writings, signs, signals, pictures, and sounds:

| Count | Date | Interstate Wire | From | To |
|---|---|---|---|---|
| **ONE** | 1/11/2019 | Email entitled "RE: Monthly Statement – David John Ridling," processed using a server located outside of Florida | V.S. email account | C.S. of Seaside Bank received in the Middle District of Florida, and DAVID JOHN RIDLING |
| **TWO** | 2/5/2019 | Email entitled "Monthly Statement," processed using a server located outside of Florida | V.S. email account | C.S. of Seaside Bank received in the Middle District of Florida |
| **THREE** | 2/8/2019 | Email entitled "RE: updated term sheet," processed using a server located outside of Florida | DAVID JOHN RIDLING | C.S. of Seaside Bank received in the Middle District of Florida |

| Count | Date | Interstate Wire | From | To |
|---|---|---|---|---|
| **FOUR** | 2/20/2019 | Email entitled "RE: Charles Schwab forms – Ridling loan," processed using a server located outside of Florida | V.S. email account | C.S. and L.S. of Seaside Bank received in the Middle District of Florida; S.M. of law firm for Seaside Bank received in the Middle District of Florida; DAVID JOHN RIDLING |
| **FIVE** | 2/21/2019 | Email entitled "Closing on new Ridling LOC," processed using a server located outside of Florida | R.C. | C.S. of Seaside Bank received in the Middle District of Florida; B.J. in Georgia; DAVID JOHN RIDLING |
| **SIX** | 2/22/2019 | Email entitled "RE: Charles Schwab forms – David John Rilding, loan," processed using a server located outside of Florida | V.S. email account | C.S. of Seaside Bank received in the Middle District of Florida |
| **SEVEN** | 4/18/2019 | Email entitled "Verification of Loans," processed using a server located outside of Florida | C.T. of AgAmerica, sent from the Middle District of Florida | A.S. email account |
| **EIGHT** | 4/21/2019 | Email entitled "RE: Verification of Loans," processed using a server located outside of Florida | A.S. email account | C.T. of AgAmerica received in the Middle District of Florida, and DAVID JOHN RIDLING |

9

| **Count** | **Date** | **Interstate Wire** | **From** | **To** |
|---|---|---|---|---|
| **NINE** | 5/15/2019 | Email entitled "RE: Verification of Loans," processed using a server located outside of Florida | A.S. email account | C.T. of AgAmerica received in the Middle District of Florida |
| **TEN** | 5/20/2019 | Email entitled "RE: Pledged Asset Account Agreement Form," processed using a server located outside of Florida | A.S. email account | C.T. of AgAmerica received in the Middle District of Florida, and DAVID JOHN RIDLING |

All in violation of 18 U.S.C. §§ 1343 and 1349 and 18 U.S.C. § 2.

## COUNTS ELEVEN THROUGH FOURTEEN
### (Bank Fraud)

### A. Introduction

1. The Grand Jury hereby realleges paragraphs one through three, five, and seven through ten of Counts One through Ten of this Indictment and incorporates such paragraphs by this reference as though fully set forth herein.

### B. The Scheme

2. Beginning at an unknown date, but at least by in or about November 2016, and continuing through and including in or about October 2019, in the Middle District of Florida, and elsewhere, the defendant,

## DAVID JOHN RIDLING,

did knowingly and with intent to defraud execute and attempt to execute a scheme and artifice to defraud a financial institution and to obtain moneys, funds, credits, assets, and other property owned by and under the custody and control of a financial institution by means of materially false and fraudulent pretenses, representations, and promises.

### C. Manner and Means

3. The Grand Jury hereby realleges paragraph twelve of Counts One through Ten of this Indictment and incorporates such paragraph by this reference as though fully set forth herein.

### D. Executions of the Scheme

4. On or about the dates set forth below, in the Middle District of Florida, and elsewhere, the defendant,

## DAVID JOHN RIDLING,

knowingly and with intent to defraud executed and attempted to execute the scheme and artifice to defraud a financial institution, as described above, and knowingly and with intent to defraud executed and attempted to execute the scheme and artifice to obtain moneys, funds, credits, assets, securities, and other property owned by and under the custody and control of a financial institution, by means of materially false and fraudulent pretenses, representations, and

promises, as described above, in that DAVID JOHN RIDLING caused, and attempted to cause, the following loans and extensions of credit to be made:

| Count | Date | Execution |
|---|---|---|
| ELEVEN | 9/10/2018 | $2,000,000 loan from Seaside Bank |
| TWELVE | 9/10/2018 | $3,000,000 loan from Seaside Bank |
| THIRTEEN | 2/8/2019 | Attempted $12,000,000 loan from Seaside Bank |
| FOURTEEN | 5/8/2019 | $15,189,473 loan from LSBH, LLC, secured by an interest in real estate |

All in violation of 18 U.S.C. §§ 1344 and 2.

## COUNTS FIFTEEN THROUGH TWENTY-TWO
### (Illegal Monetary Transactions)

1. The Grand Jury hereby realleges paragraphs one through ten of Counts One through Ten of this Indictment and incorporates such paragraphs by this reference as though fully set forth herein.

2. On or about the dates set forth below, in the Middle District of Florida, and elsewhere, the defendant,

**DAVID JOHN RIDLING,**

did knowingly engage and attempt to engage in the monetary transactions described below in and affecting interstate commerce, in criminally derived property of a value greater than $10,000, which property was, in fact, derived from a specified unlawful activity, as described below, knowing that such transaction involved property and funds that were the proceeds obtained from a criminal offense, as follows:

12

| Count | Date | Transaction | Specified Unlawful Activity |
|---|---|---|---|
| FIFTEEN | 9/10/2018 | Transfer in and affecting interstate commerce of funds in the amount of $1,508,503.63 by and through Seaside Bank originating in the Middle District of Florida to Heritage Bank | Wire fraud in violation of 18 U.S.C. § 1343; Bank fraud in violation of 18 U.S.C. § 1344 |
| SIXTEEN | 9/10/2018 | Transfer in and affecting interstate commerce of funds in the amount of $1,517,207.47 by and through Seaside Bank originating in the Middle District of Florida to Heritage Bank | Wire fraud in violation of 18 U.S.C. § 1343; Bank fraud in violation of 18 U.S.C. § 1344 |
| SEVENTEEN | 9/10/2018 | Transfer in and affecting interstate commerce of funds in the amount of $39,461.12 by and through Seaside Bank originating in the Middle District of Florida to Heritage Bank | Wire fraud in violation of 18 U.S.C. § 1343; Bank fraud in violation of 18 U.S.C. § 1344 |
| EIGHTEEN | 9/10/2018 | Transfer in and affecting interstate commerce of funds in the amount of $296,373.34 by and through Seaside Bank originating in the Middle District of Florida to BOKF, NA | Wire fraud in violation of 18 U.S.C. § 1343; Bank fraud in violation of 18 U.S.C. § 1344 |
| NINETEEN | 9/11/2018 | Transfer in and affecting interstate commerce of funds in the amount of $75,000 by and through Seaside Bank originating in the Middle District of Florida to Renasant Bank | Wire fraud in violation of 18 U.S.C. § 1343; Bank fraud in violation of 18 U.S.C. § 1344 |
| TWENTY | 9/26/2018 | Transfer in and affecting interstate commerce of funds in the amount of $50,000 by and through Seaside Bank originating in the Middle District of Florida to JP Morgan Chase account of Howard Fertilizer | Wire fraud in violation of 18 U.S.C. § 1343; Bank fraud in violation of 18 U.S.C. § 1344 |

| Count | Date | Transaction | Specified Unlawful Activity |
|---|---|---|---|
| TWENTY-ONE | 11/5/2018 | Transfer in and affecting interstate commerce of funds in the amount of $250,000 by and through Seaside Bank originating in the Middle District of Florida to JP Morgan Chase account of Howard Fertilizer | Wire fraud in violation of 18 U.S.C. § 1343; Bank fraud in violation of 18 U.S.C. § 1344 |
| TWENTY-TWO | 5/8/2019 | Transfer in and affecting interstate commerce of funds in the amount of $625,000 by and through PNC Bank to CenterState Bank account of law firm for LSBH, LLC received in the Middle District of Florida | Wire fraud in violation of 18 U.S.C. § 1343 |

All in violation of 18 U.S.C. §§ 1957 and 2.

### COUNTS TWENTY-THREE AND TWENTY-FOUR
(Aggravated Identity Theft)

1.   **A. Introduction**

1.   The Grand Jury hereby realleges paragraphs one through ten of Counts One through Ten of this Indictment and incorporates such paragraphs by this reference as though fully set forth herein.

2.   On or about the dates set forth below, in the Middle District of Florida, and elsewhere, the defendant,

14

DAVID JOHN RIDLING,

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, specifically, the name of A.S., during and in relation to a felony violation of wire fraud, in violation of 18 U.S.C. § 1343, knowing that such means of identification belonged to an actual person:

| Count | Date | Victim | Transaction | Means of Identification |
|---|---|---|---|---|
| TWENTY-THREE | 4/21/2019 | A.S. | Email entitled "RE: Verification of Loans," sent from email account opened using A.S.'s name, as charged in Count Eight | Name of A.S. |
| TWENTY-FOUR | 5/20/2019 | A.S. | Email entitled "RE: Pledged Asset Account Agreement Form," sent from email account opened using A.S.'s name, as charged in Count Ten | Name of A.S. |

In violation of 18 U.S.C. § 1028A(a)(1).

## FORFEITURE

1. The allegations contained in Counts One through Twenty-Two are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982, and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. § 1343, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28

U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

3. Upon conviction of a violation of 18 U.S.C. § 1344, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation.

4. Upon conviction of a violation of 18 U.S.C. § 1957, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in such offense, or any property traceable to such property.

5. The property to be forfeited includes, but is not limited to, the following: the $87,500 sent by David Ridling to Spotts Fain, P.C. on October 17, 2019; approximately $215,000 seized from PNC Bank Account Number 1224388205 held in the name of Blue Cypress Grain, LLC; and approximately $2,000 seized from PNC Bank Account Number 1224387851 held in the name of Blue Cypress Aviation, LLC

6. If any of the property described above, as a result of any act or omission of the defendant:

16

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third party;

  c. has been placed beyond the jurisdiction of the Court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c).

A TRUE BILL,

_____
Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: _____
Roger B. Handberg
Assistant United States Attorney
Chief, Orlando Division

By: _____
Amanda L. Riedel
Assistant United States Attorney
Deputy Chief, Criminal Division

17

# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Orlando Division

THE UNITED STATES OF AMERICA

vs.

DAVID JOHN RIDLING

## INDICTMENT

Violations:

18 U.S.C. § 1343
18 U.S.C. § 1344
18 U.S.C. § 1957
18 U.S.C. § 1028A(a)(1)

A true bill,

_____
Foreperson

Filed in open court this 13th day of November, 2019.

_____
Clerk

Bail   $_____